IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
June 27, 2005

CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| ASTEC FINANCIAL SERVICES, INC., § § | |
| *Plaintiff* § § | |
| v. § § | Civil Action No. 7:04-CV-174-R |
| SOUTH BEND CONSTRUCTION, L.C. § and ROGER LANE BURGESS, § § | |
| *Defendants.* § § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court are **Plaintiff's Motion for Summary Judgment** (filed February 10, 2005) and **Defendants' Second Motion for Leave to file Counterclaims** (filed May 11, 2005). For the reasons stated below, both motions are **GRANTED**.

## I. BACKGROUND

This action arises from the alleged breach of a commercial lease for a piece of construction equipment. On or about August 4, 2003, Defendant South Bend Construction L.C. ("South Bend") entered into a Master Lease Agreement ("the Lease") with General Electric Capital Corporation ("GECC") for a 2003 Roadtec RX60CX143 ("Subject Machine"), a milling machine. Contemporaneously with the execution of the Lease, Defendant Roger Lane Burgess ("Burgess") executed an Individual Guaranty ("the Guaranty") on the Lease wherein Burgess guaranteed South Bend's obligations to GECC under the Lease. In accordance with a recourse guaranty agreement

between Plaintiff Astec Financial Services, Inc. ("Astec") and GECC, Astec was assigned both the Lease and the Guaranty from GECC following South Bend's default.

Defendant South Bend ceased making payments on the Lease after May 2004 and has been in default under the terms of the Lease since at least June 4, 2004.[1]  By letter dated July 19, 2004, Astec advised Defendants that the Lease was in default and demanded payment of the amount allegedly due under the terms of the Lease and the Guaranty from South Bend and Burgess, respectively.  The letter also demanded that South Bend return the Subject Machine to Astec.

Defendants allege that around August or September 2004, the Subject Machine experienced major part failure that required replacement of the entire clutch assembly and that without this part, the Subject Machine was unusable.[2]  Defendant South Bend contacted and negotiated a price with a representative of the parts department of Roadtec, Inc. ("Roadtec"), an affiliate of Astec, to have a clutch assembly shipped to South Bend.  Defendants allege that a representative of Roadtec later called and notified Defendant South Bend that "higher ups" said no parts were to be provided to South Bend.  As a result, South Bend alleges it was forced to lease similar machinery from others at a daily rate of over ten times the cost of the monthly payments owed Plaintiff.  Defendant South Bend states this is the reason it was unable to continue making payments to Plaintiff.

---

[1] South Bend's last payment under the Lease was made May 4, 2004.

[2] Under §7 of the Lease, Defendant South Bend is solely responsible for maintaining the Subject Machine.

**MEMORANDUM OPINION AND ORDER – PAGE 2**

Plaintiff filed this case on September 27, 2004.[3] In Defendants' Answer (filed January 4, 2005), Defendants' asserted no counterclaims against Plaintiff. Then, on February 10, 2005, Plaintiff filed its Motion for Summary Judgment. This Court granted Defendants' request for an extension of time to file their response. Defendants stated the following reasons for their need for additional time to respond to the Motion for Summary Judgment:

- "Defendants need reasonable time to secure responses to interrogatories."

- "Defendants need additional time to depose Jeff Richmond of Roadtec and the corporate representative of Plaintiff to be identified by Plaintiff."

- "Defendants need additional time to secure discovery relevant to their defenses and counterclaims."

Defendants' Motion for Continuance, ¶¶ 13, 14, 17 (filed February 28, 2005). Defendants filed their response, apparently without serving any interrogatories or other discovery requests on Plaintiff or taking the deposition of Richmond or any representative of the Plaintiff.[4] Defendants' Response fails to directly counter Plaintiff's argument, but rather, postures that summary judgment is inappropriate because "there is a material fact issue on the element of all of Defendant's [sic] Counterclaims."

As stated above, Defendants did not assert any counterclaims in their Answer. Instead, Defendants filed, simultaneously with their Response to Plaintiff's Motion for Summary Judgment,

---

[3]Plaintiff's Complaint consists of three Counts: Count I–Damages Under the Lease, Count II–Damages Under the Burgess Personal Guaranty, Count III–Turnover of Property. On or about November 16, 2004, South Bend returned the Subject Machine to Astec. Therefore, Astec having already received the relief it seeks in Count III, the matter of Count III is now moot. Counts I and II remain at issue before the Court in addressing the Motion for Summary Judgment.

[4]Opposition to Plaintiff's Motion for Summary Judgment ("Response") was filed on April 19, 2005.

**MEMORANDUM OPINION AND ORDER – PAGE 3**

a Motion for Leave to File Counterclaims . This Court struck that motion due to Defendants' failure to include a Certificate of Conference. On May 11, 2005, Defendants promptly re-filed their Motion for Leave to File Counterclaims, this time including a Certificate of Conference, although mis-labeled, reflecting Plaintiff was opposed to the motion.[5] Plaintiff also filed a prompt response to Defendants' motion on May 13, 2005 arguing its reasons for opposition to the motion.

## II. ANALYSIS

**A.      Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure permits summary judgment only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). An issue is material if it involves a fact that might affect the outcome of a suit under governing law. The court must decide all reasonable doubts and inferences in the light most favorable to the non-moving party. *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1272 (5th Cir. 1994). As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact.

---

[5] Defendants' counterclaims against Plaintiff include breach of implied covenant of good faith, committed fraud, civil conspiracy, intentional interference with contractual or advantageous business relations, violations of the Connecticut Unfair Trade Practices Act, and tortuous negligent breach of contract, and "further that Plaintiff's conduct should be scrutinized under the Connecticut State law doctrines of unclean hands and unconscionability."

**MEMORANDUM OPINION AND ORDER – PAGE 4**

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Where the non-moving party bears the burden of proof on a claim upon which summary judgment is sought, the moving party may discharge its burden by showing that there is an absence of evidence to support the non-moving party's case.  *Id.* at 325.  Once the moving party has satisfied this burden, the non-moving party may go beyond the pleadings and by its own affidavits or by depositions, answers to interrogatories, and admissions on file set forth specific facts showing a genuine issue for trial.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).  Summary judgment will be granted "against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.

B.     **Plaintiff's Complaint for Damages Under Lease Agreement and Guaranty**

As no genuine issue of material fact exists as to Plaintiff's claims, Plaintiff's Motion for Summary Judgment will be GRANTED.  Defendants' sole argument in their Response to Motion for Summary Judgment (filed April 19, 2005) is "Because there is a material fact issue on the element of all of Defendant's [sic] Counterclaims, Plaintiff is not entitled to summary judgment in this case."  Defendants' Response cites absolutely no law and makes no attempt to refute Plaintiff's arguments regarding the terms of the Lease or Guaranty, Defendants' default on the Lease, or Plaintiff's arguments as to why every affirmative defense asserted by Defendants in their Answer should fail.  It simply states the facts discussed above and conclusively states that a genuine issue of material facts remains as to Defendants' counterclaims.  Defendants do not, however, allege that any issue of material fact remains as to Plaintiff's claims.  In fact, Defendants openly acknowledge that Defendant South Bend stopped making payments on the Lease.  See Response at ¶ 7.

Having reviewed both the Lease and the Guaranty, this Court agrees that South Bend went into default under the terms of the Lease on June 4, 2004 and that both South Bend and Burgess are liable to Plaintiff for the amount due under the terms of the Lease.[6] Therefore, this Court GRANTS Plaintiff's Motion for Summary Judgment.

**C. Defendants' Motion for Leave to File Counterclaims**

Although this Court finds Plaintiff's reasoned opposition to Defendants' motion persuasive, this Court nonetheless finds Defendants' Motion for Leave to File Counterclaims should be GRANTED. "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed. R. Civ. P. 13(f). Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Forman v. Davis*, 371 U.S. 178 (1962). Defendants' counterclaims are compulsory counterclaims under Fed. R. Civ. P. 13(a), that is, they arise out of the same transaction or occurrence that is the subject matter of the Plaintiff's claim. Compulsory counterclaims that are not asserted are thereafter barred. *Baker v. Gold Seal Liquors*, Inc., 417 U.S. 467, 469 n.1 (1974); *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993). Thus, if this Court were to deny Defendants' motion, Defendants would be prevented from asserting these claims in a separate case. Accordingly, this Court finds justice

---

[6] By Order (filed June 9, 2005), this Court directed Plaintiff to supplement its Motion for Summary Judgment with a simple explanation of how it calculated the amount due under the Lease. On June 23, 2005, Plaintiff complied with this Order by filing an Affidavit of Treena Hixon, which provided a detailed explanation of how it calculated the figure $501,684.56. This Court being fully satisfied by Plaintiff's explanation, this Court grants the Motion for Summary Judgment for the full amount sought by Plaintiff as explained in said affidavit–$501,684.56.

requires that Defendants' Motion for Leave to File Counterclaims be GRANTED.[7]

### III. CONCLUSION

For the foregoing reasons, **_both_** Plaintiff's Motion for Summary Judgment (filed February 10, 2005) **_and_** Defendants' Second Motion for Leave to File Counterclaims (filed May 11, 2005) are **GRANTED**.[8]

**It is so ORDERED.**
**ENTERED**: June 27, 2005.

_____
**JERRY BUCHMEYER,**
**SENIOR U.S. DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

---

[7] Again, this Court finds Plaintiff's Response in Opposition very persuasive. However, this Court notes that counsel for Defendant signed all of the pleadings as required by Rule 11. Granting Defendants the benefit of doubt, this Court trusts that counsel would not file such pleadings in violation of Rule 11(b). Specifically, this Court assumes, at this point, that Defendants have not filed such pleadings "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and that "the claims...are warranted by existing law." Fed. R. Civ. P. 11(b)(1-2). This Court further notes that if, to the contrary, the pleadings are in violation of Fed. R. Civ. P. 11(b), the rules permit the Court to impose an appropriate sanction upon counsel. Fed. R. Civ. P. 11(c).

[8] Because Defendant's Motion for Leave to File Counterclaims has been granted this day as well, the case remains open.